IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:19-cr-00579-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Domonic Maurice Johnson. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro Se Motion to Modify Sentence and counseled Memorandum in Support thereof, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 56, 63. The Government filed a Response in Opposition. ECF No. 66. At the Court's instruction, Mr. Johnson filed additional supplemental information. ECF No. 70. For the reasons that follow, the Motion is denied.

## **BACKGROUND**

Mr. Johnson pled guilty on December 3, 2019, to distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 41. On January 22, 2020, he was sentenced to 42 months of imprisonment and three years of supervised release. ECF No. 49.

Mr. Johnson filed his pro se Motion for compassionate release on July 17, 2020. ECF No. 56. The Court appointed counsel on the same day. ECF No. 57. On October 7, 2020, Mr. Johnson filed a counseled Memorandum in Support. ECF No. 63. The Government responded in opposition on November 26, 2020. ECF No. 66. In response

to an Order by the Court, Mr. Johnson supplemented his Motion with additional medical information on April 28, 2021.  ECF No. 70.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies.  If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment.  *Id*.  The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors).  Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence,

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons."  It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)).  Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts."  *Id*.

2

and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2]  *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

### *Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]"  *Kibble*, 992 F.3d at 330 n.2.

The parties agree, and the Court finds, that Mr. Johnson has exhausted his administrative remedies.  Mr. Johnson wrote to the Warden on June 22, 2020, requesting a reduction in sentence based on the COVID-19 pandemic and his medical issues.  ECF No. 63-1.  More than 30 days have passed without response.  The Court therefore continues to the merits of Mr. Johnson's motion.

### *Extraordinary and Compelling Reasons*

Mr. Johnson argues that he is at increased risk from COVID-19 due to his health conditions, specifically type 2 diabetes, hypertension, and obesity.  Courts in this district and elsewhere have found that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk

---

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."  *Kibble*, 992 F.3d at 331 n.3.

3

factors such as age or medical condition. *See*, *e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020) (finding that the defendant's health conditions, which included hypertension, high cholesterol, diabetes, COPD, and obesity, in combination with his advanced age, "clearly constitute extraordinary and compelling reasons for consideration of a reduced sentence"); *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020) (noting that "courts have construed this pandemic and the resulting severe illnesses as 'extraordinary and compelling'") (citation omitted).

The Centers for Disease Control and Prevention ("CDC") have identified type 2 diabetes, severe obesity (defined as body mass index ("BMI") ≥40 kg/m2), and "possibly" hypertension as conditions that "can make you more likely to get severely ill from COVID-19." *See COVID-19, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Apr. 29, 2021). The Court therefore concludes that Mr. Johnson, if infected, is more likely than the average person to become severely ill from COVID-19.

However, medical records show that Mr. Johnson's conditions appear to be generally well-controlled and that he has received both doses of the Pfizer-BioNTech vaccine against COVID-19. *See* ECF No. 70-5. The efficacy of this vaccine against confirmed COVID-19 in individuals of Mr. Johnson's age group (16 to 55 years) has been estimated at 95.6%. *See Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-

covid-19/pfizer-biontech-covid-19-vaccine (Dec. 11, 2020).  In light of Mr. Johnson's fully vaccinated status, the Court does not find that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his early release.  *See*, *e.g.*, *United States v. Burks*, (W.D.N.C. Apr. 13, 2021) (finding no extraordinary and compelling reason for early release based on COVID-19 risk factors because the defendant had received both doses of an effective vaccine).  The Court further notes that FCI Butner Medium II, the facility at which Mr. Johnson is housed, currently reports only a single COVID-19 infection among its 1,412 inmates and zero cases among its staff.  *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed May 5, 2021).  This level of infection does not reflect a significant risk to Mr. Johnson, particularly since he has received both doses of a highly effective vaccine.

After careful consideration of Mr. Johnson's medical record, therefore, the Court finds that the overall circumstances do not constitute an extraordinary and compelling reason warranting his early release.

***Section 3553(a) Factors***

The Court finds in the alternative that even if the COVID-19 pandemic in combination with Mr. Johnson's medical conditions constituted an extraordinary and compelling reason within the meaning of the First Step Act, the § 3553(a) factors would weigh heavily against his early release.  In so finding, the Court gives particular weight to the need for the sentence imposed to reflect the seriousness of the offense, which involved the illegal possession of a firearm in addition to distribution of cocaine base.  18 U.S.C. § 3553(a)(2)(A).   The Court further finds, based on the individualized circumstances of Mr. Johnson's case, that the need to provide adequate deterrence and

5

to protect the public from further crimes would be substantially jeopardized by his early release. *Id*. § 3553(a)(2)(C). Therefore, even if the Court were to find an extraordinary and compelling reason for early release, its consideration of the applicable § 3553(a) factors—even in light of Mr. Johnson's medical condition—would preclude any decision to grant relief pursuant to § 3582(c)(1)(A)(i).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [56] is **DENIED WITHOUT PREJUDICE**. Defendant Johnson is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

                                                               s/ Donald C. Coggins, Jr.
                                                               United States District Judge

May 5, 2021
Spartanburg, South Carolina